## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

INFORMED CONSENT ACTION NETWORK,
2025 Guadalupe Street, Suite 260
Austin, Texas 78705

                            Plaintiff,

    -against-

CENTERS FOR DISEASE CONTROL AND
PREVENTION
200 Independence Avenue SW
Washington, DC 20201

-and-

U.S. DEPARTMENT OF HEALTH AND
HUMAN SERVICES,
200 Independence Avenue SW
Washington, DC 20201

                           Defendants.

Civil Action No. 1:24-cv-1000

## COMPLAINT

Plaintiff Informed Consent Action Network ("**ICAN**" or "**Plaintiff**") brings this action against defendants Centers for Disease Control and Prevention ("**CDC**") and the United States Department of Health and Human Services ("**HHS**" together with CDC "**Defendants**") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("**FOIA**"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.     The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant 5 U.S.C. § 522(a)(4)(B) and 28 U.S.C. § 1331.

## PARTIES

3.      Plaintiff ICAN is a not-for-profit organization formed and existing under the laws of the state of Texas with its principal office located at 2025 Guadalupe Street, Suite 260, Austin, Texas 78705. Plaintiff is in good standing with the Texas Secretary of State.

4.      Defendant CDC is an agency within the Executive Branch of the United States Government, organized within HHS. CDC is an agency within the meaning of 5 U.S.C. § 552(f) and has possession, custody, and control of records to which Plaintiff seeks access.

5.      Defendant HHS is an agency within the Executive Branch of the United States Government. HHS is an agency within the meaning of 5 U.S.C. § 552(f) and has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

6.      On May 25, 2023, Plaintiff sent three FOIA requests to CDC seeking copies of the following records:

> All emails[1] sent and received by Dr. Kathleen Dooling, from January 1, 2020 through the date of the search, to or from Dr. Sara Oliver and/or Dr. Matthew Daley that contain the terms "vaccin*" and "COVID-19".
>
> * = Boolean Search
>
> Please note: The Federal Records Act (FLA) requires CDC to preserve Dr. Dooling's email communications despite her departure from the agency.[2]

_____

[1] Including email attachments.
[2] *See* 44 U.S. Code § 3105 ("The head of each Federal agency shall establish safeguards against the removal or loss of records the head of such agency determines to be necessary and required by regulations of the Archivist. Safeguards shall include making it known to officials and employees of the agency— (1) that records in the custody of the agency are not to be alienated or

destroyed except in accordance with sections 3301–3314 of this title, and (2) the penalties provided by law for the unlawful removal or destruction of records."); see also HHS Policy for Records Management available at https://www.hhs.gov/web/governance/digital-strategy/it-policy-archive/hhs-ocio-policy-for-recordsmanagement.html.

**(Exhibit 1**.)

All emails[1] sent and received by Dr. Kathleen Dooling, from January 1, 2019 through the date of the search, that include "@pfizer.com" in any portion of an email address in the to, from, cc, and/or bcc fields.

Please note: The Federal Records Act (FLA) requires CDC to preserve Dr. Dooling's email communications despite her departure from the agency.[2]

_____

[1] Including email attachments.
[2] *See* 44 U.S. Code § 3105 ("The head of each Federal agency shall establish safeguards against the removal or loss of records the head of such agency determines to be necessary and required by regulations of the Archivist. Safeguards shall include making it known to officials and employees of the agency— (1) that records in the custody of the agency are not to be alienated or destroyed except in accordance with sections 3301–3314 of this title, and (2) the penalties provided by law for the unlawful removal or destruction of records."); see also HHS Policy for Records Management available at https://www.hhs.gov/web/governance/digital-strategy/it-policy-archive/hhs-ocio-policy-for-recordsmanagement.html.

**(Exhibit 2**.)

All emails[1] sent and received by Dr. Kathleen Dooling, from January 1, 2020 through the date of the search, that contain the terms "CICP" and/or "Countermeasures Injury Compensation Program."

Please note: The Federal Records Act (FLA) requires CDC to preserve Dr. Dooling's email communications despite her departure from the agency.[2]

_____

[1] Including email attachments.
[2] *See* 44 U.S. Code § 3105 ("The head of each Federal agency shall establish safeguards against the removal or loss of records the head of such agency determines to be necessary and required by regulations of the Archivist. Safeguards shall include making it known to officials and employees of the agency— (1) that records in the custody of the agency are not to be alienated or destroyed except in accordance with sections 3301–3314 of this title, and (2) the penalties provided by law for the unlawful removal or destruction of records."); see also HHS Policy for Records Management available at https://www.hhs.gov/web/governance/digital-strategy/it-policy-archive/hhs-ocio-policy-for-recordsmanagement.html.

(**Exhibit 3**.)

7.      Defendant CDC acknowledged Plaintiff's FOIA requests on June 2, 2023, aggregated the requests, and assigned request number 23-01196-FOIA. (**Exhibit 4**.)

8.      On June 8, 2023, CDC sent Plaintiff a request to narrow the scope of the search for each request. (**Exhibit 5**.)

9.      On June 20, 2023, Plaintiff responded to CDC's request to narrow the scope of the searches. (**Exhibit 6**.)

10.      As of the date of this Complaint, Defendants have failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination other than denial of expedited processing; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
## FAILURE TO MAKE DETERMINATION BY REQUIRED DEADLINE
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

11.      Plaintiff realleges the previous paragraphs as if fully stated herein.

12.      Defendants are in violation of FOIA.

13.      Defendants were required to make a final determination on Plaintiff's request no later than twenty (20) business days from acknowledgement of the request. Because Defendants failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

14.      Plaintiff is being irreparably harmed by reason of Defendants' violation of FOIA and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to comply with the law.

15.      Plaintiff has no adequate remedy at law.

## COUNT II
## ENTITLEMENT TO WAIVER OF SEARCH FEES

16.     Plaintiff realleges the previous paragraphs as if fully stated herein.

17.     Defendants are in violation of FOIA.

18.     Plaintiff sought a waiver of fees. Defendants failed, within 20 days, to produce the requested records and otherwise failed to comply with the statutory requirements of 5 U.S.C. § 522 within the time limits set forth therein.

19.     Plaintiff is entitled to a waiver of fees pursuant to 5 U.S.C. § 552(a)(4)(A)(viii).

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a.     Declare that Defendants' current and continued delay in processing Plaintiff's FOIA Request is unlawful under FOIA;

b.     Order Defendants to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request;

c.     Order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under any claimed exemption;

d.     Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

e.     Maintain jurisdiction over this action until Defendants comply with FOIA and all orders of this Court;

f.     Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E);

g. Grant Plaintiff a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(viii); and

h. Grant Plaintiff such other relief as the Court deems just and proper.

Dated: April 8, 2024     SIRI & GLIMSTAD LLP

             */s/ Allison R. Lucas*
             Allison R. Lucas, DC Bar No. MI0105
             Elizabeth A. Brehm, DC Bar No. NY0532

             Siri & Glimstad LLP
             220 West Congress Street
             2nd Floor
             Detroit, MI 48226
             Tel: (313) 251-9161
             alucas@sirillp.com
             ebrehm@sirillp.com